FILED

AUG 1 3 2009

DAVID CREWS, CLERK
BY Houston
Deputy

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

COURT FILE NO.: 1:09CV210-A-D

James Hancock,

    Plaintiff,

v.

Franklin Collection Service, Inc.;

    Defendant.

**COMPLAINT**

**JURY TRIAL DEMANDED**

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy in the course of Defendant's illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because a substantial part of the acts at issue occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff James Hancock is a natural person who resides in Prentiss County, Mississippi with his residence located at 36 County Road 5451, Baldwyn, MS 38824.

5. Defendant Franklin Collection Services, Inc. (hereinafter "Franklin") is a collection agency operating from an address of 2978 West Jackson Street, Tupelo, Mississippi and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

6. In 2007, Plaintiff incurred a debt to Tupelo Medical Group for health care expenses, which expenses were incurred for personal, family or household purposes and are therefore "debts" as that term is defined by 15 U.S.C. § 1692a(5).

7. Sometime thereafter, Plaintiff's account, was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

8. Defendant has called Plaintiff multiple times at his residence and has spoken with him on a number of occasions.

9. Defendant has sent numerous letters and other communications to Plaintiff at his home to which Plaintiff has responded.

10. Defendant, at all times relevant to the acts complained of herein, had accurate and complete telephone and address contact information for Plaintiff.

11. During the two weeks preceding August 7, 2009, Defendant placed calls to Plaintiff's place of employment and left automated messages that requested someone at the business call a specified number for "important information" but which did not identify the reason for the call or the identity of the caller.

12. Plaintiff's employer, after hearing the messages, called the number as requested and sought to determine the reason for the calls.

13. Defendant's agent informed Plaintiff's employer that she worked for Franklin Collection Services, Inc. and asked if Plaintiff's employer knew Plaintiff.

14. Defendant's employer, Eric Gibens, responded that he did know Plaintiff and that Plaintiff was an employee at his company. Mr. Gibens then transferred the call to Plaintiff.

15. During the ensuing conversation, Plaintiff confirmed that the Defendant already possessed contact information for Plaintiff.

16. Each of the phone calls described herein were "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

*Summary*

21. The above-described collection activities by Defendant constitute violations of the provisions of the FDCPA, including but not limited to, 15 U.S.C. §§ 1692c(a)(1), 1692c(b), 1692d, 1692d(5), 1692d(6), 1692e, 1692e(10), 1692f and 1692f(1), among others.

22. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety and emotional distress, as well as suffering from unjustified and abusive invasions of personal privacy.

## TRIAL BY JURY

23. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

26. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for the Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for the Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for the Plaintiff;

Respectfully submitted,

Dated: August /2, 2009

**DEAS & DEAS, LLC**

By: *[signature]*
W. Lawrence Deas, Esq.
AL BAR NO. 3989-A43D
P.O. Box 7282
Tupelo, MS 38802
Telephone: (662)842-4546
Facsimile: (662)842-5449
LDeas@AOL.com

**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MISSISSIPPI       )
                           )
COUNTY OF LEE              )

Plaintiff James Hancock, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
JAMES HANCOCK

Subscribed and sworn to before me
this _____ day of August, 2009.

_____
Notary Public